KAW BRICK COMPANY, Appellant, v. HOGSETT & WOODWARD, Respondent.

Kansas City Court of Appeals, February 5, 1900.

1. **Insurance:** INSTRUCTION: ISSUE. The issue presented by the pleadings and evidence was whether the defendants as insurance brokers had agreed to keep as well as procure a certain amount of insurance on plaintiff's plant. Plaintiff asked an instruction "that if defendants were the agents of the plaintiff for the purpose of keeping plaintiff insured," etc. These words the court struck out and in lieu thereof substituted "that if defendant agreed with plaintiff to keep plaintiff insured," etc. *Held,* the substitution was an improvement and no cause of complaint.

2. ———: ———: INDEFINITE LANGUAGE. An instruction telling the jury "that if defendants agreed with plaintiff to act generally as agents and brokers of plaintiff respecting its insurance," etc., is rightly refused as under the issues it is ambiguous.

3. ———: PLEADING: EVIDENCE. A count in a petition against an insurance broker is reviewed and held to state a cause of action only for a failure to procure insurance as agreed and is found to be without evidence to support its allegations, and the complaint that the trial court erred in refusing by its instructions to submit said count to the jury is without foundation.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*R. E. Ball* and *Botsford, Deatherage & Young* for appellant.

(1) The law presumes that all general employments like that of defendants by plaintiff as plaintiff's insurance brokers are at will, and the burden of proving an employment for a definite period rests upon him who alleges it. Mechem on Agency, sec. 210. (2) The fact of an agency may not only be proven by parol testimony, but also, as in this case, by the acts of the parties from time to time. Brooks v. Jameson, 55 Mo. 505; Rice v. Groffmann, 56 Mo. 434; Franklin v. Ins. Co., 52 Mo. 461; Hull v. Jones, 69 Mo. 587; Werth v. Ollis, 61 Mo. App. 401. The course of dealing on the part of defendants, and the conduct of both the insurance companies and of defendants in respect of the reinsurance of plaintiff's property, all show that not only the plaintiff but also the insurance companies, their agents, and defendants, as plaintiff's brokers, recognized defendants as the continuing brokers and agents of plaintiff. (3) Where the duration of any agency is not fixed by the contract, and it is made, as the evidence shows in this case it was made, for an indefinite length of time, the agent can only terminate the agency by giving reasonable notice to the principal. Burrows v. Cushaway, 37 Mich. 481; White v. Smith, 6 Lansing, 9; Story on Agency

[9 Ed.], sec. 478; Mechem on Agency, sec. 233. (4) In as much as the testimony of defendant Woodward shows, without contradiction, the neglect of defendants to either reinsure plaintiff or to inform plaintiff of the fact of the insolvency of the California company after defendants learned that fact, the court below would have been justified in directing a verdict for the plaintiff on the second count of the petition, but whether this is so or not, it was certainly error for the court to refuse to submit the issue of neglect of duty on the part of defendant to the jury under said second count, as plaintiff asked in its seventh and tenth instructions.

*Yeager & Strother* and *Karnes, New & Krauthoff* for respondents.

(1) Now, if it be true that the defendants became the agents of the plaintiff by virtue of an express agreement of the parties, then the two instructions are exactly the same in meaning. But if it be intended that the agency was to be established by a course of dealing, then the course of dealing must be submitted to the jury and not the conclusion to be inferred therefrom. Whether the defendants were the agents of the plaintiff for the purpose of keeping plaintiff insured to the extent of $7,000 is a question of law if such agency is to be predicated upon a course of dealing. The conclusion of fact, and not the determination of the law, should be submitted to the jury. (2) Instruction number 10 asked by plaintiff was properly refused. It is based on the proposition that defendants agreed with the plaintiff to act generally as agent and broker of the plaintiff respecting its insurance for $7,000 on its plant in question. It is misleading. (3) The three instructions asked by, and given to, the defendants proceed upon the idea that the question in dispute in the case was whether the defendants undertook not only to procure $7,000 of insurance on plaintiff's said property, but to keep said property

insured for that amount. It is the contention of the defendants that the evidence bore upon this proposition and none other. The correctness of the assertion is best shown by reference to the record itself. (4) That instructions must be predicated upon the evidence is thoroughly established, both upon authority and principle. Wilkerson v. Ellers, 114 Mo. 245; Paddock v. Somes, 102 Mo. 227; State v. Parker, 106 Mo. 217; Sparks v. Brown, 46 Mo. App. 529; Culberson v. Railway, 50 Mo. App. 556.

GILL, J.—The nature of this controversy may be learned by consulting the published opinion on a former appeal, 73 Mo. App. 432. It will be seen that it is sought to charge the defendants, who were insurance brokers, with the failure to keep certain property of the plaintiff insured to the extent of $7,000, as it is alleged they agreed; that they permitted a policy of a thousand dollars to lapse or become worthless by reason of the insolvency of the insurance company, of which defendants had knowledge; and that while the insurance was in that condition the property was destroyed by fire, and the plaintiff thereby lost to the extent of said worthless policy. At the former hearing, the judgment was reversed and cause remanded because of the erroneous action of the trial court in sustaining a demurrer to the evidence. We there stated, with some particularity, that portion of plaintiff's evidence which tended to prove that defendants undertook and agreed not only to place insurance in the amount of seven thousand dollars on the property but, at the same time, agreed to keep the same insured to the full extent of that sum in good solvent companies. It is now only necessary to add that at the last trial defendants introduced testimony denying that they agreed to keep the property insured and that the extent of their undertaking was simply to place insurance to the amount of seven thousand dollars. By reading our former statement of the

case, along with what is here stated, a clear understanding of the controversy will appear.

I. In submitting the issues to the jury the court gave a dozen instructions which occupy several pages of the printed abstract. Of the ten offered by plaintiff, eight were given as asked, one given in a modified form, and one refused. At 'defendants' request three instructions were given. As to all these, it is sufficient to say that the jury was fairly, and in effect, instructed that if the defendants, as such insurance agents and brokers undertook and agreed with plaintiff not only to place but to keep its property insured in the sum of $7,000; that defendants entered upon such employment by taking out seven policies of insurance of $1,000 each in as many companies, and thereafter substituting two policies for that number canceled; that one of said policies thereafter and without plaintiff's knowledge became worthless by the insolvency of the company, which was known to the defendants prior to the fire, then defendants were liable for whatever loss plaintiff suffered in consequence thereof.

It is complained, however, that the court erred in modifying plaintiff's instruction number seven and in refusing its number ten. Instruction seven, as requested, is lengthy, and need not be fully quoted. Its main promise, however, is found in the first few lines reading thus: "The court instructs the jury that if you find from the evidence that the defendants were the agents of plaintiff for the purpose of keeping plaintiff insured to the extent of $7,000 against loss by fire on its plant," etc., and then, in effect, proceeds to state that if the defendants knew or had reason to know that one of the companies carrying the insurance became insolvent and failed to impart such information to plaintiff or otherwise to protect it, then defendants were guilty of negligence to the injury of plaintiff and the latter should recover.

The court amended this instruction by changing the words in the first few lines so as to read that: "The court

instructs the jury that if you find from the evidence that defendants agreed with plaintiff to keep plaintiff insured," etc., instead of: "that the defendants were the agents of plaintiff for the purpose of keeping plaintiff insured," etc. We think there was no error in the court's action. In view of the evidence which tended to prove and to disprove that defendants were employed, not only to place but to keep seven thousand dollars valid insurance, it would be immaterial whether the jury was told that "if defendants agreed with plaintiff to keep plaintiff's property insured," or was told that "if defendants were the agents of plaintiff for the purpose of keeping plaintiff insured," to the extent of $7,000. To the ordinary mind, this, under the circumstances, would convey the same meaning. The test was, and would be so understood by the jury, what was the extent of the employment or agency? Was it that defendants should merely place the seven thousand dollars insurance or should they both place and keep the insurance up to that amount? Besides this, the court's expression was the better; it submitted in plain and unambiguous language a question of fact, while the instruction as asked left the jury to determine a question of law.

2. Plaintiff's instruction number ten was even more objectionable than the one just noticed and its rejection by the court was proper. It sought to tell the jury "that if you find from the evidence that defendants agreed with plaintiff to act generally as agents and brokers of plaintiff respecting its insurance for $7,000 on its plant in question," and thereafter served plaintiff in accepting cancellation of certain policies, had notice of the failure of one company and failed to advise plaintiff, etc., then plaintiff should recover. The doubtful import of the language used in that instruction was alone sufficient to warrant the court's refusal. What was meant by the statement that if defendants agreed to act generally as agents of plaintiff "respecting its insurance for $7,000 on its

plant?" Was it to act as agents in merely obtaining or placing an insurance, or was it to act as agents in keeping up said insurance to that amount? "Respecting its insurance for $7,000 on its plant," is a clause subject to more than one interpretation. The instruction asked might well be claimed as meaning, that defendants were liable even though their agency was intended or agreed to extend only to procuring the insurance in the first place, which clearly is not the law. There is no pretense that defendants failed in their duty in procuring insurance at the time they were employed; the complaint is, that they thereafter neglected to keep $7,000 good insurance on the proprety.

3. Plaintiff's counsel complain that by the court's refusal of said tenth instruction and modifying the seventh, the plaintiff was deprived of the right to submit its case as founded on the second count of the petition. As we read and understand the second count, there was no evidence to support it. It is based on the alleged agreement of defendants to place or procure insurance to the amount of $7,000 on plaintiff's property, and not upon any obligation to keep up the insurance. As a basis of that count it is alleged, "that as such owner the plaintiff, desiring to have said property insured against loss or damage by fire, on November 23, 1892, employed the defendants as its agents and brokers, which employment was by defendants on said last day accepted, for the purpose of placing insurance on said property to the amount and extent of $7,000, and the said defendants agreed to act as agents and insurance brokers for the plaintiff in obtaining such insurance for plaintiff," etc. Stripped of unnecessary verbiage, the undertaking of defendants as there alleged, was simply that they (said defendants) would procure insurance on plaintiff's property to the extent of $7,000. It was not alleged in said count—either in form or substance—that defendants undertook or agreed to keep up the insurance. It is true that in a subsequent portion of said second count, the pleader deduces

from the facts alleged "that said employment by plaintiff of defendants as its agents and brokers was a continuing one for an indefinite length of time, and that it became and was the duty of defendants as such agents and brokers of plaintiff to do and perform all such acts as should be necessary during the life of said policies in connection with the same, so that said insurances to the amount of $7,000 should, in the event of fire, be available and effectual as valid insurances in favor of plaintiff on said property to the amount of said $7,000." But such deductions are to be treated as mere declarations of law and are unwarranted by the facts alleged. There is not an allegation of fact within the four corners of this second count that justifies the claim that defendants undertook or agreed to keep up the insurance after it had been once procured. We think then that the second count was merely a complaint that defendants did not comply with their undertaking, there alleged, to wit: that they would procure $7,000 valid insurance on the property. And, as already stated, the evidence all concedes that defendants did procure the insurance as they agreed, and the only complaint, with any evidence to support it, was that they failed to keep the insurance up to the amount of $7,000. There was then nothing in the evidence that warranted a submission of the second count to the jury, and no instruction should have been given on that branch of the petition.

A patient examination of the entire record shows clearly that plaintiff had a fair trial of every substantial issue and the judgment should be affirmed. The other judges concurring, it is so ordered.